## Marvel v. Marvel.

(Decided March 17, 1915.)

### Appeal from Crittenden Circuit Court.

1.  Contracts—Husband and Wife—Settlement.—Under a contract settling the property rights of husband and wife, which provides:

"and it is further agreed and understood that in the event either party brings suit for a divorce, the complainant is to pay all costs of same, including attorneys fees and cost of court," the wife who brings a suit for divorce is not liable for costs and attorneys' fees incurred by her husband in resisting the divorce.

2. Judgment—Error.—Where, under a settlement contract, a husband agrees to convey his land and personal property to his wife and she agrees to pay $500.00 in cash, $1,000.00 in six months and turn over to him a certain black mare, it is error in an action to enforce the contract, to confirm the wife's title to the property involved without providing in the judgment that the consideration moving from the wife should be paid or secured to be paid before the judgment takes effect.

3. Judgment—Costs.—Where, under a settlement contract between husband and wife, the wife is liable only for the costs incurred in obtaining a divorce and it appears that a large portion of the costs was incurred by the husband in resisting the divorce and by the wife in seeking the enforcement of the contract, and there is nothing in the record to show that one-half of the entire costs is less than that portion of the costs properly chargeable to the wife, a judgment requiring the wife to pay only one-half of the costs will not be reversed.

J. W. BLUE, Jr., for appellant.

A. C. & V. Y. MOORE and J. G. ROCHESTER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing on original and cross-appeal.

On February 3rd, 1913, John R. Marvel and Sarah E. Marvel entered into the following contract:

"Whereas, John R. Marvel and Sarah E. Marvel, his wife, having separated for reasons not necessary to state herein, and now for the purpose of settling their property rights, in order to avoid the expense and vexations of a law suit, do make and agree to the following settlement, viz.: The said John R. Marvel agrees in consideration of fifteen hundred dollars, paid and to be paid as follows, viz., $500.00 in cash, balance of $1,000.00 to be paid in six months from date hereof, and the further consideration of one mare, black in color & named Bess, does in consideration of the above cash and property agree this day to make to the said Sarah E. Marvel a deed of conveyance to his land and all the personal property owned by them at this date, except one bed and bedding for same, sufficient to keep him comfortable, and it is further agreed and understood that in th'

event either party brings suit for a divorce, the complainant is to pay all costs of same, including attorneys' fees and cost of court. And it is further agreed that this settlement is to settle all matters by and between the parties hereto, and the Shewmaker family in general of all matters growing out of this trouble, or connected therewith.''

Pursuant to the contract, John R. Marvel executed to Sarah E. Marvel a deed conveying the property embraced in the contract. This deed was placed in the custody of J. G. Rochester, an attorney, as agent for both parties. Sarah E. Marvel tendered to Rochester the cash payment of $500.00 and a note for the balance of $1,000.00, but Rochester, at the instance of John R. Marvel declined to turn over the deed to Sarah Marvel. John R. Marvel, after the execution of the contract, continued to assert an interest in the property involved and began to interfere with his wife in the control of her household affairs. Thereupon she brought this action for a divorce, and also asked that he be enjoined from interfering with her in the possession of the property and from selling or disposing of it or placing any lien thereon, and that she be adjudged the owner of the property conveyed to her. John R. Marvel not only resisted the divorce, but sought to have the contract set aside. On final hearing the divorce was granted and plaintiff's title to the property quieted, and a permanent injunction, in accordance with the prayer of the petition, was granted. Plaintiff was adjudged to pay one-half of the costs of the action and a fee of $225.00 to defendant's attorney for resisting the divorce. Plaintiff appeals and defendant prosecutes a cross-appeal.

The only ground on which plaintiff asks a reversal is that the chancellor erred in requiring her to pay the fee of defendant's attorney. A decision of the question turns on the proper interpretation of the contract. On this point the contract provides:

''* * * And it is further agreed and understood that in the event either party brings suit for a divorce, the complainant is to pay all costs of same, including attorneys' fees and cost of court.''

Defendant insists that plaintiff cannot reap the benefits of the contract and at the same time reject that portion which is to her disadvantage. It is argued that

the language is plain and unambiguous and clearly means that whoever brings the suit for divorce must pay all costs of the action and all attorneys' fees. In determining the question, however, we must take into consideration the situation of the parties and their purpose in inserting in the contract the provision in question. Under our statutes, the husband, in actions for alimony and divorce, is required to pay the costs of each party, unless it is made to appear that the wife is in fault and has ample estate to pay the costs. Kentucky Statutes, Section 900. The contract, we think, must be construed in the light of the statutes, and the evident intention of the parties was to relieve the husband of the burden which the law would have imposed on him had it not been for the provision in the contract. It was certainly not contemplated by the parties that if the wife brought the suit for divorce the husband could resist the divorce and impose on her either the burden of the cost thus incurred or the burden of his attorney's fee. Fairly construed, the contract merely provides that the party bringing the suit shall be liable for attorneys' fees and the cost incurred in obtaining the divorce and not for attorneys' fees and the cost incurred in resisting the divorce. It follows that the chancellor erred in requiring plaintiff to pay defendant's attorney's fee.

One of the grounds urged for reversal on the cross-appeal is that the judgment confirming plaintiff's title to the property conveyed to her by defendant did not secure to defendant the payment of the consideration expressed in the contract. Plaintiff insists this was not error, in view of the tender made to defendant's attorney, and the further fact that she is ready, willing and able to pay the same at any time, and that all defendant has to do is to stretch out his hand and receive the money or institute an action to recover it. The effect of the judgment, however, is to deprive defendant of the property without securing in any way the consideration moving from the plaintiff. His rights should not be made to depend either on the voluntary action of plaintiff or the necessity of bringing an additional suit. They should have been fixed by the judgment appealed from. The judgment should have provided that it was not to take effect until the consideration was paid or secured by lien on the property.

Another ground urged for reversal on the cross-appeal is that plaintiff was required, contrary to the contract to pay only one-half of the costs of the action. As she was only liable for the costs incurred in obtaining the divorce and as the record plainly shows that a large portion of the costs was incurred by the defendant in resisting the divorce and by plaintiff in seeking to enforce the settlement contract, and there is nothing in the record to show that one-half of the costs of the action is less than that portion of the costs properly chargeable to plaintiff, we see no reason for reversing the judgment on the ground relied on.

Judgment reversed both on the original and cross appeal. Judge Nunn not sitting.